UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS ROMERO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-515 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, removed from state court on diversity jurisdiction, is Defendant Bank of America, N.A.'s ("Bank of America") Motion to Dismiss Plaintiff Carlos Romero's ("Romero") original state court petition pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6). Doc. 4. Romero has not filed a response to Bank of America's motion, therefore, pursuant to Local Rule 7.4, the motion is deemed unopposed. Having considered Defendant's motion, the facts in the records, and the applicable law, the Court concludes that the motion should be granted and Plaintiff's case dismissed.

**I.    Background**

As alleged in his original petition, Romero financed the purchase of a house located at 5915 Ranch Riata Court, Katy, Texas 77449 (the "Property") by executing a Note in favor of Bank of America. Pl.'s Original Pet. ¶ 6 (Doc. 1-1). Sometime thereafter, Romero defaulted on his mortgage due to a number of unidentified financial situations. Doc. 1-1 ¶ 7. He contacted Bank of America to request a loan modification. Doc. 1-1 ¶ 7. Romero contends that Bank of America promised that he could receive a loan modification with lower payments, but failed to complete the process of determining if Romero was eligible for a modification. Doc. 1-1 ¶¶ 7–8. Romero claims that he was in continual communication with a Bank of America representative

and that it was his understanding that a foreclosure would not take place while he was still in the process of applying for a modification. Doc. 1-1 ¶ 9. He states that he relied on Bank of America's representation that he would be considered for a loan modification in discontinuing payments to Bank of America pending the completion of his modification. Doc. 1-1 ¶ 9. On June 7, 2011, Bank of America foreclosed on the property. Doc. 1-1 ¶ 11.

On February 14, 2013, Romero filed his original petition in state court. The case was timely removed to this Court, and Bank of America subsequently filed its motion to dismiss. In its motion, Bank of America maintains that Romero fails to sufficiently plead his causes of action either because necessary elements are omitted or he does not plead sufficient facts to support each claim. Doc. 4 ¶ 1. In addition, Bank of America argues that Romero's fraud claim does not meet the heightened pleading standard under Fed. R. Civ. Pro. 9. Doc. 4 at 4. Romero did not file a response.

## II. Legal Standard

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint, viewed in the light most favorable to the plaintiff, must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining the reasonableness of such an inference is "a context-specific task that requires the … court to draw on its judicial experience and common sense." *Id.* at 679. While a court must accept all of Plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Fraud claims must satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): that "a party must state with particularity the circumstances constituting fraud." The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

On a Rule 12(b)(6) review, the court may consider "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017–18 (5th Cir. 1996)). Matters of public record that appear in the record of the case may also be considered. *See Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Taking judicial notice of public records directly relevant to the issue in dispute is proper in a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk*, 631 F.3d at 780.

## III. Discussion

In his original petition, Romero asserts the following claims: (1) fraud; (2) wrongful foreclosure; (3) promissory estoppel; (4) unreasonable collection; and (5) injunctive relief and accounting. Doc. 1-1 at 3–5. For the reasons stated below, Plaintiffs' claims against Bank of America are subject to dismissal for failure to state a claim.

**A.     *Common Law Fraud***

To state a claim for fraud under Texas law, a plaintiff must allege (1) that the defendant made a representation to the plaintiff; (2) that the representation was material; (3) that the representation was false; (4) that when the misrepresentation was made the defendant knew it was false or made it recklessly and without knowledge of its truth; (5) that the defendant made it with the intent that the plaintiff act on it; (6) that the plaintiff relied on the representation; and (7) that the representation caused injury to the plaintiff. *Shandong Yinquang Chem., Indus. Jt. Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010). A false representation is material if a reasonable person would attach importance to, and be induced to act on, the information. *Id.* at 1033.

In support of his fraud claim, Romero merely references his prior factual summary of Bank of America's conduct in dealing with his foreclosure, the entirety of which is as follows:

> "Defendant promised that he could receive a loan modification with lower payments, however Defendant failed to complete the process of determining if Plaintiff was eligible for a modification. Plaintiff was in continual communication with the Defendant's representative and to the best of his understanding, the bank was working with him to complete the modification. However, without further notice the Defendant proceeded forward with the foreclosure sale. In reliance on Defendant's representations, Plaintiff understood that the June 7, 2011 foreclosure would not occur since he was still in the process of applying for a modification. In reliance on this representation and understanding, Plaintiff did not pay more money to Defendant, nor did he retain a bankruptcy attorney to file a chapter 13 bankruptcy prior to June 7, 2011. Had Plaintiff known that Defendant's representations were false and misleading, Plaintiff would have made a larger payment to defendant or would have filed for bankruptcy protection prior to the foreclosure date." Doc. 1-1 ¶¶ 7–9.

No other facts or details are provided.

These vague fraud allegations fail to satisfy the particularity required by Rule 9(b). Even construing these facts in a light most favorable to Romero, he does not allege with the necessary specificity that the Defendant knew the alleged misrepresentation was false or made it recklessly

4 / 10

without knowledge of its truth. Nor does Romero make anything more than a conclusory allegation as to Bank of America's intent that he act upon their misrepresentation. Romero alleges that he acted upon his own understanding of unspecified statements made by Bank of America's representative. Without more, the Court finds that Romero has failed to satisfy the heightened pleading requirements of Rule 9(b). Therefore, the Court dismisses Romero's fraud claim for failure to state a claim under Rule 12(b)(6) and 9(b).

### B.  *Wrongful Foreclosure Due to Fraud and Failure to Properly Notice*

A plaintiff asserting wrongful foreclosure must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Additionally, there must be evidence of an irregularity that "caused or contributed to cause the property to be sold for a grossly inadequate price." *In re Keener*, 268 B.R. 912, 921 (N.D. Tex. 2001). "Under Texas law a grossly inadequate price would have to be 'consideration so far short of the real value of the property as to shock a correct mind, and thereby raise a presumption that fraud attended the purchase.'" *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-CV-359-A, 2012 WL 2511169, at *9 (N.D. Tex. June 29, 2012) (citing *FDIC v. Blanton*, 918 F.2d 524, 531-32 (5th Cir. 1990)).

Romero alleges wrongful foreclosure due to fraud and wrongful foreclosure for failure to properly give notice of foreclosure sale. The wrongful foreclosure due to fraud claim is based on Plaintiff's allegations that Defendant's representations "were false, material, and were made … with the intention that Plaintiff rely on those false and material representations." Doc. 1-1 at 3–4. In support of his claim for wrongful foreclosure for failure to properly give notice, Romero

states, "it is believed that Defendant failed to follow Texas requirements for acceleration of note of foreclosure sale." Doc. 1-1 at 4.

As previously discussed, Plaintiff's fraud allegations, including his wrongful foreclosure claim due to fraud, fail to satisfy the pleading-with-specificity requirement under Rule 9(b). Doc. 4 at 7–8. In correlation, Plaintiff does not plead a defect in the foreclosure proceedings or an inadequate sale price, nor a connection between the two—all essential elements of a wrongful foreclosure claim. Doc. 4 at 7–8. Plaintiff simply offers conclusory allegations and unsupported facts which are insufficient to state a claim. As for the wrongful foreclosure due to improper notice, Romero fails to state what notice requirements were not met. Additionally, Romero acknowledges that he knew the Property was set to be foreclosed upon and had knowledge of the specific foreclosure date, indicating that he had received notice. Doc. 1-1 at ¶ 9. Accordingly, the Court dismisses the wrongful foreclosure claims by Plaintiff under Rule 12(b)(6).

### C. *Promissory Estoppel*

Under Texas law, the statute of frauds applies to loan agreements for amounts exceeding $50,000.00 and requires that they be in writing and signed by the party to be bound in order to be enforceable. Tex. Bus. Code Ann. § 26.02(2)(a)–(b). As read in § 26.02(2) of the Business and Commerce Code, the term "loan agreement" includes promises, promissory notes and deeds of trust. Loan agreements like Romero's, in which the amount involved exceeds $50,000, are not enforceable "unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." § 26.02(2)(b).

"'Promissory estoppel is a narrow exception to the statute of frauds.'" *Hurd v. BAC Home Loans Servicing, LP*, 2012 WL 1106932, at *10 (quoting *Schuhart v. Chase Home Fin., LLC*, Civ. A. No. C–05–385, 2006 WL 1897263, * 4 (S.D. Tex. July 10, 2006)). To state a claim

for the defense of promissory estoppel, the plaintiff must allege facts showing (1) a promise; (2) foreseeability of reliance on that promise by the promisor; and (3) substantial reliance on the promise by the promisee to its detriment. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n. 25 (Tex. 2002) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). Furthermore, the plaintiff must allege facts showing that "the defendant promised to sign an agreement satisfying the statute of frauds." *Cavil v. Trendmaker Homes, Inc.*, Civ. A. No. G–10–304, 2012 WL 170751, *7 (S.D. Tex. Jan.19, 2012) (citing *"Moore" Burger, Inc. v. Phillips Pet. Co.*, 492 S.W.2d 934, 937 (Tex. 1972), *appeal dism'd,* No. 12–40195 (5th Cir. May 10, 2012)). An alleged oral agreement not to foreclose while a loan modification application is pending would alter the written loan agreement in the promissory note and the deed of trust and thus would be unenforceable unless memorialized in writing. *Enis v. Bank of America, N.A.*, Civ. A. No. 3:12–CV–0295–D, 2012 WL 4741073, *3 (N.D. Tex. Oct. 3, 2012).

In support of his claim for promissory estoppel, Romero states, "Defendant through its employees and agent entered into an oral contract for application and participation in the Making Homes Affordable Program with Plaintiff, then breached the agreement." Doc. 1-1 at 4. Romero's original mortgage note was approximately $134,574.00, clearly bringing the agreement within the statute of frauds. *See* Doc. 4, Ex. A. Therefore, to state a claim for promissory estoppel, Romero would have to show that Bank of America promised to sign an agreement regarding the modification that would satisfy the statute of frauds. Nowhere in Romero's original petition does he allege that Defendant promised to sign a written agreement documenting his participation in this program. Therefore, Romero fails to state a valid claim for promissory estoppel and his claim is dismissed.

### D.     *Unreasonable Debt Collection*

Although not clearly defined in Texas law, a claim for the intentional tort of unreasonable collection efforts has been defined as "efforts that amount to a course of harassment that was willful, wanton, malicious and intended to inflict mental anguish and bodily harm." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.).  Generally, Texas courts apply this cause of action based on actual collection efforts, for example telephone calls or physically approaching the debtor that oversteps the bounds of routine collection methods through excessive harassment.  *Id.* at 8654–65 (lender sent a "large, very intimidating Man" who was "yelling and screaming, demanded the keys to the house, and told [plaintiffs'] family to get out"); *Enis*, 2012 WL 4741073, at *5.  Failure to respond to a request for accounting, promising loan modification, and promising not to foreclose are not debt collection efforts, and allegations of such do not show an intent to harass and inflict mental anguish.  *Enis*, 2012 WL 4741073, at *5 n. 7, (citing *Smallwood v. Bank of America*, No. 3:11–CV–1283–D, 2012 WL 32654, *4 (N.D. Tex. Jan. 6, 2012)); *Sanghera v. Wells Fargo Bank, N.A.*, Civ. A. No. 3:10–CV–2412–B, 2012 WL 555155, *7 (N.D. Tex. Feb. 12, 2012) ("[T]he Court is unaware ... how promising not to foreclose on a property, can, without more, be considered willful, wanton, or malicious harassment."); and *Swim v. Bank of America, N.A.*, Civ. A. No. 3:11–CV–1240–M, 2012 WL 170758, *7 (N.D. Tex. Jan. 20, 2012) (dismissing allegation that misleading plaintiff about loan modification constituted unreasonable collection efforts).

Romero states a claim for unreasonable debt collection based on "Defendant's conduct, as cited above, including the wrongful foreclosure of its alleged interest in Plaintiff's home." Doc. 1-1 at 5.  Bank of America argues that Romero has not identified, and cannot identify, any collection activities that would amount to an intentional "course of harassment."  Doc. 4 at 15.

Further, Bank of America contends that the mere act of foreclosure when a borrower has defaulted on his mortgage does not qualify as the type of "willful, wanton, [and] malicious conduct that the tort of unreasonable collection efforts aims to prevent." Doc. 4 at 14. The Court agrees that Defendant Bank of America's actions with regard to the foreclosure were not in any way "unreasonable collection efforts." Therefore, Romero's claim is dismissed under Rule 12(b)(6).

### E.  *Injunctive Relief and Accounting*

Under Texas law, "[i]njunctive relief is simply a form of equitable remedy." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, *4 (N.D. Tex. 2010) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008)). Likewise, an accounting is an equitable remedy and not an independent cause of action. *Henry v. Citimortgage, Inc.*, No. 4:11-cv-82, 2011 WL 2261166, at *8 (E.D. Tex. May 10, 2011). To sustain a claim for injunctive relief or an accounting, a plaintiff must first plead a viable underlying cause of action. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

Plaintiff requests injunctive relief, claiming that Defendant instituted proceedings to evict him from his home based on an invalid Substitute Trustee's Deed. Doc. 1-1 at 5. Plaintiff requests an accounting claiming, "Defendants have never provided an accounting of funds received prior to foreclosure and funds received at the foreclosure sale." Doc. 1-1 at 5. Because Plaintiff has failed to plead a single viable underlying claim for which relief may be granted, his requests for injunctive relief and an accounting must also be dismissed.

## IV.  Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 4) filed by Defendant Bank of America is

**GRANTED**, and Plaintiff Carlos Romero's case is **DISMISSED**.

SIGNED at Houston, Texas, this 20th day of February, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE